May it please the Court, I'm Steve Mather, attorney for the appellant Michael Brown in this case. The positions of the IRS and the Tax Court in this case were largely overturned by the Supreme Court's recent decision in Beshler. Like our case, Beshler involved an IRS motion to dismiss for lack of jurisdiction in a collection due process case. Like our case, the Tax Court adopted a very restrictive view of its own jurisdiction and granted the IRS motion. The Supreme Court unanimously overruled this tax court determination and held that jurisdictional limits must be clearly expressed by Congress. Our case actually presents a better case for finding tax court jurisdiction than Beshler. Unlike Beshler, our case involves no statutory jurisdictional limit of any kind. Instead, the IRS argued and the Tax Court inferred a jurisdictional limit by mischaracterizing Brown's claim for the return of his $80,000 tip repayment as an overpayment claim. Can you point us to the statutory language that you argue confers the Tax Court with jurisdiction to order the refund of a tip repayment? There is no express statutory grant of jurisdiction, but we argue that the Beshler case basically grants jurisdiction over the determination in the collection due process appeal in the absence of an express limitation on that jurisdiction by Congress. Well, there's the Green-Papetti case versus Commissioner. It seems like in my reading of that case, the Tax Court found that Section 6330 does not expressly give the Tax Court jurisdiction to determine an overpayment or to order a refund or credit of taxes paid. The Tax Court stated that it did not believe we should assume without explicit statutory authority jurisdiction either to determine an overpayment or to order a refund or credit of taxes paid in Section 6330 collection proceeding. So I guess my question for you is why shouldn't this Court find that the reasoning in this Green case is persuasive? Well, I think there's a couple of reasons. First off, one of the fundamental threshold questions is if the Tax Court is given jurisdiction over a case, under what circumstances is part of that jurisdiction removed? We have a situation where the IRS determined in a letter that was issued in the case that they would not consider Brown's offer in compromise and they would not give him his money back. The determination of the IRS Appeals Office was to uphold that preliminary determination. So now – and the statutory grant of jurisdiction says the Tax Court is allowed to review the determination of the IRS Appeals Office. So we have a situation where unquestionably there's jurisdiction over the case and so under that circumstance, we would argue that Bestler, which has clarified the law subsequent to the Green case, basically says in this situation you need to find a reason that there's a limit on the jurisdiction. You don't need to find an express grant of jurisdiction over every issue of the determination. You need to find something that limits that jurisdiction. So that's one issue. Help me – I must have overlooked it. Where in your brief do you discuss Bestler? Well, Bestler was decided after the briefs were filed. It's in my 28-J submission. In your 28-J, okay. So – And just – I apologize for my naivete, but how did your client get in the position of owing $50 million in back taxes? What did he do? He claimed a number of deductions that were disallowed for what he considers to be technical reasons. So he didn't fail to report income. He reported all of his income. He claimed some deductions for – What sort of business was he in? He was in an insurance-related business, and one of the major issues in the case was he made – he shared commissions in a manner that the government argued violated a local statute, making the deduction undeductible even though it was paid. So that's an example. You know, I – we don't – we see tax cases from time to time, but not with great frequency. And the $50 million owed to the federal government stood out. It's a big number, and it's a lot of interest and penalties as well because the tax years are 2000 and 2001 primarily. So – but back to the point of the Greene case, the second issue that Greene does not apply in our case is that Greene specifically applies to an overpayment claim, an overpayment or refund claim. And an overpayment claim, the essence of an overpayment claim – these are technical statutory definitions – is the determination that less tax is due than was previously assessed. And that's what an overpayment claim is. That's not what Brown was claiming here. Brown was claiming – he never challenged the liability. He never said the tax was overassessed. He said that he paid $80,000 to get consideration of an offer in compromise, and they didn't give consideration of the offer in compromise. But the $80,000 was for back taxes. Well, the government applied it to back taxes, but the $80,000 was very specifically required as the 20% payment of the $400,000 proposal that he was making. I understand that, but it seems like it was also – I mean, well, so he's not claiming he overpaid. He's not claiming he owed less – he's not claiming there was an overpayment because there's no part of his claim was that the tax was overstated. So an overpayment claim, again, technically under the statutory structure, only exists when there's a claim that the tax was overstated. The classic case is when the IRS says that more tax is due, then there's a notice of deficiency. It goes to tax court. The tax court acquires jurisdiction over the notice of deficiency, and this specific statute that's cited in Green-Sapiti says, well, if the tax court determines not only that the additional tax is due, but the sum of the original tax is not due, that's an overpayment, and therefore the tax court should have jurisdiction over that kind of case because it's already deciding what the amount of the liability is. That's not our case, and it was never claimed – we never claimed that this was an overpayment claim. We analogized to overpayment jurisdiction in a deficiency case as being a situation where once the case is before the court, then it requires jurisdiction over all the determinations that need to be made. But this is not a Green-Sapiti case. The government's authorities on this are entirely incorrect and I think disingenuous because the government knows better. They know what an overpayment claim is. They argue that – I may have missed this. How do you characterize the $80,000 payment? You said it's not an overpayment, so what is it? It was part of the determination in the IRS determination that an amount paid for an offer would not be returned. It's a contract claim, essentially, and it's a contract claim subsumed within the determination made by the IRS appeals office, which the tax court has jurisdiction to review. But it's a contract claim, Bill. The contract was pretty clear that he was not going to get the money back. Right, but there's also, under contract law, there's at least an obligation to dealing in good faith. In this case, they didn't do what he paid his $80,000 for. It's like saying I'm buying a house and I'll give you a 2% good faith payment. The seller says, well, I decided not to sell the house after all, but I'm keeping your money. That's the nature of our claim. Okay. And if there's no other questions, I'll reserve the rest of my time for rebuttal. Thank you. May it please the Court. I'm Matthew Johnshoy. I represent the APLE, the Commissioner of Internal Revenue. It's not merely a platitude to say that the tax court is a court of limited jurisdiction that can only exercise its jurisdiction as expressly provided. That's not a platitude. That's an axiom. It's a fundamental first principle that must be applied. So your friend across the aisle is saying it doesn't need a statute. He's relying on the case. What's your response to that? I'm afraid I don't understand that argument, Your Honor. The cases hold that you have to have a statute that expressly grants jurisdiction, and there simply isn't one. It's true that Mr. Brown isn't claiming an overpayment, but I think that misses the more fundamental point. In order to get money out of the Treasury, Congress has to authorize that specifically by statute. And the only way Congress has done that is for refunds, and the only way a taxpayer can be entitled to a refund is for an overpayment. The $80,000 was a payment, not a deposit. You can't get a payment back unless you've overpaid and then unless you can file a refund suit within the time limits provided. I think, though, the argument is being made that this is contract law should apply here, not. Yes, Your Honor. I don't think contract law should apply here. There was no contract. But even if there were, the terms were abided by, and I think this is a bit of a collateral attack on the decision in Brown 1, including the part that was affirmed by this Court. What Brown was entitled to with his offer was consideration. Both the tax court and this Court in affirmance found that his offer was properly considered. And so, you know, my friend says, well, you know, he should get his $80,000 back because it wasn't considered. Well, that issue has already been decided. He got what he was entitled to. And that's really the protection here. The protection is for your offer to be considered, not for your payment to be returned. If Brown had submitted more than 20% of his offer, more than 20% of the amount he was offering along with the offer, the additional amount would have been considered a deposit. But the statute 7122 uses the word payment. It requires a 20% payment, and there's a fundamental difference between a payment and a deposit. So in your briefing, you relied on Wilson and I think McLean. Yes. But it seems like those cases were decided on mootness grounds. So I'm just trying to figure out, is that really relevant here? Why should we still find those cases persuasive? Yes, I think those cases agree with Green Thapiti. And, for instance, taking up Wilson, it's true that there was a mootness issue in that case, that the levy was moot when the government declined to continue with the levy. But if the tax court had had refund jurisdiction, then it would have been able to proceed to decide that. But it didn't. The D.C. Circuit specifically held that the tax court couldn't proceed on an issue that it did not have jurisdiction. And then if you wanted to pursue the refund claim, you'd have to go to district court or the court of claims. Are there any other federal non-tax court decisions that implicate this sort of jurisdictional question? Well, no, Your Honor, because the collection due process, by the nature of collection due process, it can only be taken now to the tax court. I guess I'm just trying to figure out, Mr. Brown is arguing that he doesn't have another form to litigate the return of this $80,000, his TIPRA payment. Is that correct? What's your response to that? That is correct, but I think it's a bit of a red herring. So, you know, the government would have sovereign immunity unless it waives it. So it's not true that by default someone would necessarily need a forum. But the government has provided forums to seek refunds. Mr. Brown's fundamental problem is that he's not entitled to a return of the payment he made. A payment once made is applied and it's done. You know, his right as to those funds and his claim as to those funds was ended. If he had overpaid his tax liabilities, he might be able to get them back. And that's really the problem. And that's really what the tax court's decision in Greenfield PD is about. And that's the leading decision in this area. And it was a review decision, so sort of the equivalent of an en banc decision. And the tax court focuses on 6330, and I think, you know, 6330 does not grant any express refund jurisdiction. It simply says the person may, within 30 days of a determination under this section, petition the tax court for review of such determination, and the tax court shall have jurisdiction. There's nothing about refunds. So in Greenfield PD, the tax court, you know, looked to its history and said, well, our main jurisdiction is deficiency jurisdiction, and Congress did not originally grant us overpayment or refund jurisdiction as part of deficiency jurisdiction. It did so explicitly later, but only much later, many decades later, for refund jurisdiction. So even though green is an overpayment case, it should apply to refunds? Well, an overpayment is one of the requirements to refunds. It's one of the preliminary steps. So in order for someone to get a refund, first the tax court would have to be able to find an overpayment, and originally the tax court could not find an overpayment. It could only say whether you had a liability or not. Whether you had overpaid your liabilities or not was not something the tax court could opine on. Then it got overpayment jurisdiction, but it could not order the return of those funds. Then it got refund jurisdiction, and it could. And that refund jurisdiction is now in 6512B2. And I think it's of particular importance the tax court's reasoning as to 6512B2. 6512B2 has broad language. It doesn't mention deficiencies, but if you look at the rest of 6512, a notice of deficiency is clearly what's required. So 6512B2 wouldn't authorize refund jurisdiction, and neither does 6330. Can you address your opposing counsel's argument about the recent Supreme Court case? I don't know if I'm pronouncing it correctly, Boucher, whatever it's called. I take it his argument is that the issue of whether to grant a refund is just a procedural requirement and not a jurisdictional, subject matter jurisdictional issue. Can you elaborate, respond to that, or address that issue? Yes, Your Honor. Beckler is not on point. And Beckler is fundamentally different because in Beckler, there was an indisputably applicable grant of jurisdiction in the first place. And the question was whether the statutory text then limited or reduced that jurisdiction. And then, of course, Beckler holds that for a court to treat a limitation as jurisdictional, it must be clearly stated to be jurisdictional. So in Beckler, there's first a grant, and then a question as to whether anything limits that jurisdictional grant. In this case, there's no jurisdictional grant in the first place. So it's just, it's sort of fundamentally different in that sense. You'd have a Beckler question if first it said, well, the tax court could issue a refund, like it does for deficiency cases. And then the question being, does any other text limit its opportunity to grant that refund? But without an express statutory grant, there really is no jurisdiction for the tax court to engage in a refund analysis. And I'd also like to point out that there are other statutes that also grant refund jurisdiction to the tax court. Those are for interest abatement, innocent spouse relief. But in all of these cases, the deficiency case, interest abatement, innocent spouse relief, the refund jurisdictional grants also come with something that's coordinating and cross-referencing to the timing limitations on refund claims in 6511. Those timing limitations are what apply in the district courts and in the court of claims. There's nothing in 6330 that cross-references the very important timing limitations in 6511. So it seems very unlikely Congress would be intending to grant new and sweeping jurisdiction in 6330, you know, without anything to coordinate the timing limitations that apply to all the other forms, the known forms of tax court refund jurisdiction. And I guess, you know, tax court's cases in Green-Thapedi and McLean-Sohold and the D.C. Circuit also held that in Wilson. The commissioner also argues that the tax court could not have considered Brown's claim for refund. If this court were to find that the tax court had jurisdiction to consider a claim for refund, the tax court could not have done so because Brown did not actually raise the issue in his CDP hearing. Under 6330 D.1, the tax court's review is limited to the determination of issues raised. There is no determination of an issue that's not raised. There's also a statutory – there's a Treasury regulation that makes this somewhat clear, and it notes that an issue is not properly raised if the taxpayer fails to request consideration of the issue by appeals. Well, there's nothing in the record supporting the fact that Brown ever requested consideration of this issue by appeals. He now points in his briefing to a single sentence from the Long Beach Group's letter rejecting his offer in compromise. But that letter really doesn't demonstrate that the issue was raised by Brown or that the issue was raised by Brown to appeals. And I'd just like to turn to that quickly because I think the language is sort of helpful to seeing that this is really just boilerplate. It says, any payments received with your offer or after the date of this letter will be applied to your liability unless specified elsewhere in this letter. You know, this is just restating the terms of the offer. The offer said that the payment would not be returned or refunded in any event. And so they're just restating that. There's nothing to suggest this was prompted by Mr. Brown, and there's nothing else in the record suggesting that Mr. Brown raised this issue in appeals. So the failure to raise this issue in appeals would mean the tax court cannot review it. There's no determination on that issue to review. And then, of course, it can't be reviewed on further appeal. I see I'm out of time, so I'll just ask this court to affirm the tax court and find that the tax court does not have a refund jurisdiction in CDP cases. Thank you, Mr. Johnshoy. Is that how I pronounce it? Johnshoy. Thank you. A few points. The consideration of the offer in compromise by the IRS was not to consider it. They made an affirmative decision that they would not evaluate the offer and make a determination on it. The review was whether it was an abuse of discretion to make that determination. So we were not given the benefit of our bargain. We didn't get consideration of the offer. Secondly, the Green case expressly held that there was another refund forum available for Green to pursue the claim. We don't have that in this case. The government's trying to have it both ways, in essence. They say, well, hypothetically, there could be a refund jurisdiction, but then in this case there is no refund jurisdiction because you didn't fully pay the tax. And in the context of an offer in compromise, there will almost never be a refund jurisdiction remedy independent of the review of the offer in compromise by the appeals office. I want to be sure I understand your position as to why the landscape for this case was changed by Beckler. As I read that case, the issue of whether the statute gives the tax court the power to refund payments is completely separate from an analysis of whether a given procedural requirement is jurisdictional. Well, I don't think that it is because as my colleague stated, clearly the tax court has jurisdiction over determinations made in CDP appeal cases. We contend that the determination was made in this case not to refund the money because this letter says they're not going to refund the money. That was part of the determination. The tax court is given the express grant to review that determination. So in Beckler, they were given jurisdiction over CDP cases, and then the question was, well, is that only if they petition within 30 days? So there was at least something in the statute that suggested there could be a limit on that. In our case, there's nothing that limits the scope of the determination by the appeals office as it relates to the tax court's jurisdiction to review that determination. So it strikes me that it's a little disingenuous for the government to argue also that there's nothing in the record, very specifically stating in the record in this case, that talks about the attempt to return the offer or the TIPRA payment because there was an excluded exhibit, which should have been in the record but was not, which was the notes of my discussion with the Long Beach Offer Group group manager, specifically concerning the return of the $80,000 TIPRA payment, which was a few days before I had a similar discussion with the appeals officer. Now, according to the IRS procedures, the discussions with the collection people, the offer group people, should have been in the administrative record. In this case, they violated their own procedures by not having the substance of that conversation in the letter, and then the court refused to admit my notes of that discussion because the appeals officer hadn't seen my notes. So it's one thing to say the record doesn't have it. It's another thing to say basically this issue wasn't raised, which I think that's really an unfair characterization. Thank you. Thank you. Thank you. Thank you both for your presentation. The case of Michael Brown v. Commissioner of Internal Revenue is submitted.
judges: MURGUIA, Parker, LEE